IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| PRASAD MARGABANDHU,  RSP PITTSBURGH, INC.,  FPS 5TH LLC, | ) ) ) | 2:26-CV-00496-MJH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| Defendant, | | |

OPINION AND ORDER

Plaintiffs, Prasad Margabandhu, RSP Pittsburgh, INC., FPS 5TH LLC, filed the within

action for breach of contract (Count I) and statutory bad faith (Count II) in the Allegheny County

Court of Common Pleas against Defendant, State Farm Fire and Casualty Company, arising out

State Farm's valuation of Plaintiffs' storm damage to their roof. (ECF No. 1-5).   State Farm

timely removed and now moves for dismissal under Fed. R. Civ. P.  12(b)(6).  (ECF No.  4). The

motion is now ripe for decision.

Upon consideration of State Farm's Motion to Dismiss (ECF No. 5), the respective briefs

(ECF Nos. 5, 6, and 7), and for the following reasons, State Farm's Motion to Dismiss will be

granted in part and denied in part.

I.    Background

Plaintiffs allege that on December 26, 2024, their property's roof suffered wind damage.

(ECF No. 1-5 at ¶ 10).  Plaintiffs aver their property was insured by State Farm. *Id*. at ¶ 7. As a

result of wind damage, Plaintiffs alleged the entirety of the property's slate roof needs to be

replaced. *Id*. at ¶ 11.  State Farm allegedly accepted the claim, but it failed to tender an amount

sufficient to permit Plaintiffs to replace the slate roof. *Id*. at ¶ 12.   Plaintiffs aver that State

Farm's Policy (the "Policy") is a replacement cost policy which requires payment for a new slate roof if the same cannot be repaired. *Id*. at ¶ 14.  Plaintiffs assert claims for breach of contract and for statutory bad faith because State Farm allegedly lacked a reasonable basis for its valuation of Plaintiffs' claim.

State Farm moves to dismiss Plaintiffs' breach of contract claim at Count I of the Complaint, because it is time-barred under the one-year suit limitation provision of the Policy. State Farm also argues that Plaintiffs' bad faith claim at Count II of the Complaint should be dismissed, because they fail to plead facts which plausibly state a claim for relief.  And, finally State Farm argues that FPS 5th LLC should be dismissed for lack of standing.

II.     Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief [*5]  above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is

3

futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

    III.    Discussion

        A.  Breach of Contract (Count I)

State Farm contends that Plaintiffs' breach of contract claim is time-barred under the provisions of the Policy.  The Policy provides in relevant part as follows:

> 6. Suit Against Us. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage.

(ECF No. 4-2 at p. 39).  State Farm argues that, in Plaintiffs' public adjuster's report, he identified the date of loss as December 1, 2024; but Plaintiffs did not initiate this action until December 24, 2025.  Therefore, State Farm maintains that Plaintiffs' breach of contract was filed more than one year after the date of loss, contrary to the terms of the Policy.

Plaintiffs contend that their Complaint pleads that the covered wind damage occurred "[o]n or around December 26, 2024."  Plaintiffs further assert that, because the Court must accept the Complaint's allegations as true on a Rule 12(b)(6) motion, State Farm cannot substitute its preferred date of loss for Plaintiffs' pleaded date.  Moreover, State Farm maintains that, before the Complaint was filed, Plaintiffs' counsel notified State Farm by letter dated February 3, 2026, that State Farm had "improperly assigned a date of loss of December 1, 2024." (ECF No. 6-2).   Plaintiffs also identify a news article reflecting that the severe windstorm at issue occurred on December 29, 2024. (ECF No. 6-2).  Therefore, Plaintiffs argue that, at minimum, a factual dispute remains as to the date of loss and the application of the time-barring provisions of the State Farm Policy.

Pennsylvania law recognizes suit limitation clauses as valid and unambiguous conditions in insurance policies. *Hosp. Support Servs., Ltd. v. Kemper Grp., Inc.*, 889 F.2d 1311, 1315 (3d Cir. 1989) (holding that a contract provision limiting the time for filing suit that is shorter than the applicable statute of limitations is valid and enforceable unless the agreement is "manifestly unreasonable").

Here, the parties do not dispute the validity of State Farms suit limitation provision. Plaintiffs' Complaint alleges a date of loss of December 26, 2024. The suit was initiated on December 24, 2025. Taking the Complaint in light favorable to the Plaintiff, the suit was initiated within the one-year suit limitation period. While both parties have offered conflicting extrinsic evidence outside of the pleadings favorable to their positions, said evidence creates sufficient questions of fact, as this stage, to preclude dismissal of Plaintiffs' breach of contract claim based upon the suit limitation provision of the State Farm Policy.

Accordingly, State Farm's Motion to Dismiss Plaintiffs' breach of contract claim will be denied.

### B. Bad Faith (Count II)

State Farm contends that Plaintiffs' bad faith claim should be dismissed because they fail to plead facts which plausibly state a claim for relief. Specifically, State Farm argues that the Complaint relies on conclusory statements, and that the gravamen of Plaintiffs' argument is a disagreement with State Farm's valuation of the claim.

Plaintiffs maintain that their bad faith claim is more than valuation, namely that that State Farm effectively attempted to force Plaintiffs to accept a cheaper and aesthetically inferior roofing material instead of paying for like-kind replacement under a replacement-cost policy. Thus, Plaintiffs contend that they have plausibly alleged a bad faith claim where the insurer

allegedly knows the covered roof cannot be adequately repaired and refuses to pay the amount

necessary to restore the insured property as promised.

The Pennsylvania bad faith statute provides, in its entirety:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371. To succeed on a bad faith claim, a plaintiff-insured must prove, by clear

and convincing evidence: "(1) that the insurer did not have a reasonable basis for denying

benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a

reasonable basis in denying the claim." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d

Cir. 2005); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688

(1994).  Although the term "bad faith" is not defined in the statute, courts have subsequently

determined that a variety of carrier actions can constitute bad faith, including "a frivolous or

unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with

the insured."

"Generally, Pennsylvania law does not treat as bad faith an insurer's low but reasonable

estimate of an insured's losses." *Seto v. State Farm Ins. Co.*, 855 F. Supp. 2d 424, 430 (W.D. Pa.

2012) (citing *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).

However, "low-ball offers which bear no reasonable relationship to an insured's actual losses can

constitute bad faith within the meaning of § 8371." *Seto*, 855 F. Supp. 2d at 430 (citing *Brown*, 860 A.2d at 501).

Here, Plaintiffs aver that State Farm acted in bad faith as follows:

(1) State Farm "lacked a reasonable basis in denying benefits under the policy," and "knew or recklessly disregarded its lack of reasonable basis in valuing plaintiff's claim in such a low and unreasonable amount." ¶ 22.

(2) The public adjuster opined "that as a result of the storm plaintiffs' slate roof needed to be replaced in its entirety and that extensive water damage occurred to the property's interior." Id. ¶ 23.

(3) State Farm "knew or should have known that it had no basis to deny the replacement cost of plaintiff's roof and to so lowly value the loss . . . [State Farm] recklessly disregarded this knowledge."

(ECF No. 1-5 at ¶¶ 22-24).

State Farm's arguments are well-taken.  Plaintiffs' Complaint includes numerous factual and legal conclusions that fail to inform both State Farm and the Court of a plausible basis for a bad faith claim.  Instead, the gist of the Plaintiffs' bad faith claim involves a difference between the Plaintiffs' and State Farm's valuations and/or application of the terms and conditions of the Policy. The Complaint lacks sufficient details, or references to policy language, to move the needle from a "low-ball" value to conduct that would plausibly rise to the level of bad faith.  The Complaint instead pleads essentially a difference in dollar value and Plaintiffs' subjective opinion on how any alleged damage should be addressed without adequate factual context.

Accordingly, State Farm's Motion to Dismiss the Plaintiffs' bad faith claim will be granted, without prejudice.   Because the Court cannot conclude that amendment of the bad faith count would be futile, the Plaintiffs will be granted leave to amend Count II.

C.  FBS 5th LLC's Standing

State Farm contends that, while it is clear that Mr. Margabandhu is an insured and that RSP Pittsburgh, Inc. is an additional insured under the Policy, the Complaint does not establish FPS's relationship to the action, that it has a traceable injury, or that it has any contractual relationship with State Farm.  Plaintiffs argue that State Farm's challenges depend on its characterization of the policy and the parties' relationship.  Further, Plaintiffs maintain that, to the extent that the Complaint does not identify FPS's interest sufficiently, Fed. R. Civ. P. 15 favors amendment.  Here, the Court agrees that the Complaint does not sufficiently connect FPS to any claims in this action, but it agrees that such may be curable through amendment.

Accordingly, State Farm's Motion to Dismiss FPS will be granted.  FPS will be dismissed, but Plaintiffs will be granted leave to amend to cure any deficiencies as regards FPS's connection to the remaining Plaintiffs and this lawsuit.

IV.    Conclusion and Order

For the reasons stated in the Opinion, State Farm's Motion to Dismiss is granted in part and denied in part. Count II is hereby dismissed without prejudice, and Plaintiffs are granted leave to amend Count II. FPS is dismissed without prejudice, and Plaintiffs are granted leave to amend as to FPS.  Any amendment shall be filed on or before May 25, 2026.  State Farm shall respond to either the Complaint or Amended Complaint on or before June 8, 2026.

DATED this 11th day of May, 2026.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge

8