IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

PRASAD MARGABANDHU,  RSP )
PITTSBURGH, INC., )
)                    2:26-CV-00496-MJH
)
Plaintiffs, )
)
)
vs. )
)
STATE FARM FIRE AND CASUALTY )
COMPANY,

Defendant,

OPINION AND ORDER

Plaintiffs, Prasad Margabandhu, and RSP Pittsburgh, INC., filed the within action for

breach of contract (Count I) and statutory bad faith (Count II) against Defendant, State Farm Fire

and Casualty Company, arising out State Farm's valuation of Plaintiffs' storm damage to their

roof. (ECF No. 9).   This Court granted State Farm's Motion to Dismiss on Plaintiffs' bad faith

claim, but granted leave to amend.  (ECF No. 8).   Plaintiffs filed an Amended Complaint

reasserting a bad faith claim.  (ECF No. 9).  State Farm now again moves for partial dismissal

under Fed. R. Civ. P.  12(b)(6).  (ECF No.  11). The motion is now ripe for decision.

Upon consideration of Plaintiffs' Amended Complaint (ECF No. 9), State Farm's Motion

to Dismiss (ECF No. 11), the respective briefs (ECF Nos. 12, 13, and 15), and for the following

reasons, State Farm's Motion to Dismiss will be granted.

I.      Background

Plaintiffs allege that on December 26, 2024, their property's roof suffered wind damage.

(ECF No. 9 at ¶ 11).  Plaintiffs aver their property was insured by State Farm. *Id*. at ¶ 8.  State

Farm allegedly accepted the claim, but it failed to tender an amount sufficient to permit Plaintiffs

to repair the slate roof. *Id*. at ¶ 14.   Plaintiffs assert claims for breach of contract and for

statutory bad faith because State Farm allegedly lacked a reasonable basis for its valuation of Plaintiffs' claim.

State Farm moves to dismiss Plaintiffs' bad faith claim at Count II of the Amended Complaint.

II.      Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must

only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.     Discussion

A.  Bad Faith (Count II)

3

State Farm contends that Plaintiffs' bad faith claim should be dismissed because they fail to plead facts which plausibly state a claim for relief.  Specifically, State Farm again argues that the Amended Complaint relies on conclusory statements, and that the gravamen of Plaintiffs' argument is still a disagreement with State Farm's valuation of the claim.

Plaintiffs contend that they have bolstered their claim with specific allegations related to the property, the storm, the type of roof, the nature of the loss, State Farm's initial valuation, the public adjuster's request for reinspection, State Farm's response, the public adjuster's itemized estimate, the follow-up communications, State Farm's revised valuation, and the reason Plaintiffs aver State Farm knew its valuation was unreasonably low.  They further maintain that their Public Adjuster's estimate plausibly supports that State Farm lacked a reasonable basis for its claim decision.

State Farm responds that, while Plaintiffs' Amended Complaint adds new content, it does so with unsupported opinions. Specifically, State Farm argues that it is not enough to merely point at the delta between the public adjuster's number and State Farm's number and assume that some unreasonableness must have taken place.

The Pennsylvania bad faith statute provides, in its entirety:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

4

42 Pa.C.S.A. § 8371. To succeed on a bad faith claim, a plaintiff-insured must prove, by clear and convincing evidence: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680, 688 (1994).  Although the term "bad faith" is not defined in the statute, courts have subsequently determined that a variety of carrier actions can constitute bad faith, including "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured."

"Generally, Pennsylvania law does not treat as bad faith an insurer's low but reasonable estimate of an insured's losses." *Seto v. State Farm Ins. Co.*, 855 F. Supp. 2d 424, 430 (W.D. Pa. 2012) (citing *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). However, "low-ball offers which bear no reasonable relationship to an insured's actual losses can constitute bad faith within the meaning of § 8371." *Seto*, 855 F. Supp. 2d at 430 (citing *Brown*, 860 A.2d at 501).

Here, Plaintiffs' Amended Complaint added the following averments that State Farm acted in bad faith as follows:

   (1)  State Farm accepted the claim but valued a slate-roof wind loss and related interior water-damage claim at only $14,707.30, with only $6,266.30 proposed after deductible.  (ECF No. 9 at ¶ 14);

   (2) State Farm reaffirmed that low valuation. *Id*. at ¶ 15;

   (3) the home's slate roof had been in good condition and water-tight before the storm. *Id*. at ¶ 10;

   (4) Plaintiffs' public adjuster requested that State Farm return to inspect because the initial estimate did not adequately address the damage. *Id*. at ¶ 18;

(5) State Farm did not return to the property and instead sent an earlier Eagle View roof report. *Id*. at ¶ 19;

(6) the public adjuster then gave State Farm a detailed, itemized estimate totaling $228,643.00. *Id*. at ¶ 20 & Ex. 2 at 6;

(7) the estimate identified the slate roof replacement scope, roof measurements, interior water-damage repairs, and related costs. *Id*. at Ex. 2 at 2-6;

(8) after receiving that estimate and follow-up communications, State Farm revised its valuation only to $20,665.09, with only $12,224.09 proposed after deductible. *Id*. at ¶¶ 21-23; and

(9) State Farm's revised amount still failed to consider and address the necessary repairs identified by Plaintiffs' public adjuster. *Id*. at ¶ 24.

(ECF No. 9 at ¶¶ 10, 14, 15, 18, 21-23, 24 and ECF No. 9-2).

State Farm's arguments are again well-taken. The Public Adjuster's report (ECF No. 9-2) provides an itemized list with no factual basis as to why his estimate is superior to State Farm's estimate or why State Farm's estimate is unreasonable. Again, in the Court's view of the Amended Complaint, the gist of the Plaintiffs' bad faith claim involves a difference between the Plaintiffs' and State Farm's subjective valuations, and the Amended Complaint lacks sufficient averments to plausibly support a bad faith claim.

Accordingly, State Farm's Motion to Dismiss the Plaintiffs' bad faith claim will be granted, without prejudice. Because the Court cannot conclude that amendment of the bad faith count would be futile, the Plaintiffs will be granted leave to amend Count II.

IV.    Conclusion and Order

For the reasons stated in the Opinion, State Farm's Motion to Dismiss is granted. Count II is hereby dismissed without prejudice, and Plaintiffs are granted leave to amend Count II. Any amendment shall be filed on or before  August 5, 2026. State Farm shall respond to either the Amended Complaint or Second Amended Complaint on or before August 19, 2026.

DATED this 22nd day of July, 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge

7